Case 7:22-cv-00087 Document 21 Filed on 12/14/22 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**FILED**

DEC 14 2022

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas

**ENTERED**
December 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY AVILA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-0087 |
| | § | |
| JOE BIDEN, PRESIDENT OF THE | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff CHARLES ANTHONY DAVILA, proceeding pro se, is a former pretrial detainee at the Hidalgo County Adult Detention Center, who brings this civil rights action for monetary and injunctive relief. (Dkt. No. 1). Plaintiff seeks to recover the sum of $33 billion based on complaints that, sometime in 2017, he was discharged seven years too late by the Texas Department of Criminal Justice ("TDCJ") on what was supposed to be a 30-year sentence; that, sometime in December 2021, he was arrested without a warrant in relation to a crime he did not commit; and that, as late as March 2022, he was being "held hostage for ransom" at the pretrial detention facility. (*Id.* at 3-5). Based on these and other wrongs, Plaintiff seeks injunctive relief in the form of the renunciation of his U.S. citizenship. (*Id.* at 4-5).

Since his release from pretrial detention, Plaintiff has failed to comply with several court orders requiring that he provide a more definite statement. (*See* Dkt. Nos. 17, 19).

This case has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Upon review of the record and the relevant law, the Magistrate Judge RECOMMENDS that this case be DISMISSED for the failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## I. PROCEDURAL BACKGROUND

In March 2022, Plaintiff filed the complaint in this case. (Dkt. No. 1). At the time, Plaintiff was being held in pretrial detention at the Hidalgo County Adult Detention Center. Plaintiff did not pay the civil action filing fee or otherwise submit an application to proceed in forma pauperis together with the complaint.

Upon being ordered by the Magistrate Judge to either pay the filing fee or move to proceed in forma pauperis, Plaintiff decided on the latter option. (*See* Dkt. Nos. 2, 4). Thereafter, the Magistrate Judge ordered Plaintiff several times to explain certain discrepancies in his affidavit of indigency as to his sources of income. (*See* Dkt. Nos. 5, 7). Rather than explain those discrepancies, Plaintiff eventually stated his intent to forego in forma pauperis and pay the civil action filing fee instead. (*See* Dkt. No. 10 at 1).

Soon thereafter, Plaintiff submitted a letter indicating that he had been released from detention. (*See* Dkt. No. 13 at 1). Through the letter, Plaintiff stated that he was now homeless and thus intended to personally visit the Clerk's Office to receive orders and cases notices. (*See id.* at 3). Plaintiff also stated that he intended, once again, to proceed in forma pauperis. (*Id.* at 2).

The Magistrate Judge ordered Plaintiff to submit, within 45 days, an updated in forma pauperis application so that he could explain the lingering discrepancies as to his income. (*See* Dkt. No. 14 at 1). Taking note of Plaintiff's homelessness and his plans to visit the Clerk's Office, the Magistrate Judge specifically directed the Clerk of Court to provide Plaintiff with copies of any court documents upon request. (*Id.* at 2). Plaintiff was ordered to advise the Clerk in writing upon obtaining a new mailing address. (*Id.*). Plaintiff was also warned that any failure to comply with the order could result in the dismissal of his case for failure to prosecute. (*Id.*).

Through an order dated September 14, 2022, the Magistrate Judge granted Plaintiff's application to proceed in forma pauperis despite his failure to timely update the same. (Dkt. No. 16). The Magistrate Judge also issued a contemporaneous order for a more definite statement, requiring Plaintiff to provide written answers to a series of questions about his claims and requests for relief. (Dkt. No. 17). Plaintiff was given 30 days to comply and specifically warned, again, that the failure to comply could result in the dismissal of his case. (*Id.* at 3).

After Plaintiff failed to comply by the deadline, the Magistrate Judge issued a second order for a more definite statement dated October 21, 2022. (Dkt. No. 19). Plaintiff was advised that, rather than recommend dismissal, the Magistrate Judge would allow him another opportunity to make the required submission. (*Id.* at 1). Plaintiff was afforded another 30 days to comply. (*Id.* at 2). Yet again, Plaintiff was warned that failure to comply could result in dismissal. (*Id.* at 2).

At least 30 days have elapsed since the second order, yet Plaintiff has failed to submit a more definite statement. Notably, since Plaintiff's release from pretrial detention, the Clerk has mailed all court orders, including the two orders for a more definite statement, to Plaintiff's last known address at the Hidalgo County Adult Detention Center, but all these have been returned as "UNABLE TO FORWARD[.]" (*See* Dkt. Nos. 15, 18, 20). Nor is there any indication that Plaintiff has visited the Clerk's Office to receive any court documents.

## II. LEGAL STANDARD

While the court should be "appropriately lenient" with a pro se party, "'[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A district court may also dismiss an action sua sponte under Rule 41(b). *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority derives from a court's inherent power to control its docket, prevent undue delays in the disposition of cases, and avoid congested calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). A Rule 41(b) dismissal may be either with or without prejudice. *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (per curiam) ("Unless an involuntary order of dismissal specifies that it is without prejudice, ... it 'operates as an adjudication on the merits.'" (quoting Fed. R. Civ. P. 41(b)).

Dismissal with prejudice is reserved for the most egregious cases, where there is a clear record of delay or contumacious conduct, and lesser sanctions would not serve the best interests of justice. *Id.* at 1519. Such a dismissal must be based on at least one of three aggravating factors: (i) delay caused by the plaintiff themselves and not their attorney; (ii) actual prejudice to the defendant; or (iii) delay caused by intentional conduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). If a plaintiff would be barred from re-asserting their claims because the statute of limitations period has expired, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and subject, therefore, to the same heightened standard. *Id.*

### III. ANALYSIS

Here, Plaintiff has failed to comply with two court orders to provide a more definite statement, which provides a basis to support a Rule 41(b) dismissal. *See Bradley v. Hopkins*, 2022 WL 790351, at *2 (W.D. Tex. Feb. 7, 2022); *see also Smith v. Leisure*, 2006 WL 2505071, at *2 (E.D. Tex. Jan. 25, 2006).

Notably, the heightened dismissal-with-prejudice standard does not apply to Plaintiff's claims stemming from his supposedly unlawful arrest and pretrial detention considering that the limitations period has yet to expire on those claims. The generally applicable limitations period borrowed from Texas law is at least two years, *see A.W. v. Feenstra*, 2015 WL 4537750, at *6 (S.D. Tex. July 15, 2015) (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995)), and Plaintiff was arrested in December 2021, or only one year ago.[1] Posing an irrelevant question is the standard that applies to the involuntary dismissal of Plaintiff's claim for his alleged untimely release from the TDCJ, as Plaintiff filed this case more than two years since his release in 2017, or well after the expiration of the limitations period. *See Matthews v. Speier*, 123 F. App'x 611, 612-13 (5th Cir. 2005) (per curiam) (applying two-year limitations period to a claim of false imprisonment). Moreover, in seeking to renounce his citizenship, Plaintiff fails to state a claim upon which relief can be granted insofar as he has not previously applied for voluntary expatriation to any executive agency, *see Walker v. Holder*, 714 F. Supp. 2d 44, 47-48 (D.D.C. 2010), and it is otherwise improper to seek a ruling from a district court in the first instance, *see Tutora v. U.S. Attorney General*, 2017 WL 2126321, at *7, 11 (E.D. Pa. May 16, 2017).

Whatever the case, the current circumstances—including Plaintiff's failure to follow through with his intent to visit the Clerk's Office to obtain any court documents—suggest that Plaintiff has simply lost interest in pursuing this case. *See Figueroa-Hernandez v. United States*, 2005 WL 2263462, at *3 (S.D. Tex. Aug. 31, 2005) (concluding that failure to advise the clerk of any address changes suggests that litigant has lost interest in pursuing their claims).

---

[1] For reference, the limitations period begins to run when a claim accrues, which accrual is governed by federal law. *Morrill v. City of Denton, Tex.*, 693 F. App'x 304, 305-06 (5th Cir. 2017) (per curiam). A claim generally accrues "the moment the plaintiff becomes aware that [they] ha[ve] suffered an injury or [have] sufficient information to know that [they have] been injured." *Piotrowski*, 51 F.3d at 516 (5th Cir. 1995) (quoting *Russell v. Bd. of Trs.*, 968 F.2d 489, 493 (5th Cir. 1992)) (internal quotations omitted).

## IV. CONCLUSION

After review of the record and relevant law, the undersigned respectfully RECOMMENDS that Plaintiff's civil rights action be DISMISSED for the failure to prosecute pursuant to Rule 41(b) and that this case be CLOSED.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to Plaintiff at the address currently on record by any receipted means. Because Plaintiff has previously indicated that he is homeless and that he intends on personally visiting the Clerk's Office to receive any orders and case notices, the Clerk is further DIRECTED to provide Plaintiff with a copy of this report, together with any other case documents upon request.

DONE at McAllen, Texas this 14th day of December 2022.

J. SCOTT HACKER
United States Magistrate